UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                                                    **ORDER**
                                                                                                                09-CR-38S

MICHAEL MORRIS,

            Defendant.

    1.     Trial in this criminal prosecution will begin on Monday, August 22, 2011, at 9:30 a.m., with jury selection.  Presently before this Court are the parties' Motions in Limine, which were argued at the Final Pretrial Conference held on August 11, 2011. (Docket Nos. 112, 115.)  Counsel are familiar with the grounds for the motions and the facts underlying the arguments presented.

    2.     In its Motion in Limine, the government seeks an Order precluding Defendant from cross examining Stephen Evers, a forensic chemist from Erie County Department of Central Police Services Forensic Laboratory ("CPS"), concerning the circumstances surrounding the dismissal of Kelly Herkey, a former chemist with CPS.  Herkey was dismissed — and later prosecuted — for falsely reporting the results of scientific testing and providing false testimony.  Herkey pled guilty to Attempted Tampering with Public Records in the Second Degree, a B misdemeanor.  Herkey tested the drugs at issue in this case and was part of the chain-of-custody.  Evers retested the drugs after Herkey's misconduct was discovered.

    3.     Citing Rule 608 (b) of the Federal Rules of Evidence, the government seeks to preclude Defendant from impeaching Evers' testimony by questioning him about Herkey's dismissal.  It also seeks to preclude Defendant from introducing any evidence of

Herkey's dismissal or conviction because it is irrelevant to the testing and analysis of the drugs that Evers conducted.

4.  In this Court's view, there is no cause to limit the examination concerning Evers to the extent requested by the government. First, Herkey was personally involved in this case, having handled and tested the drugs at issue. Her involvement is therefore relevant; this is not a case where a defendant seeks to seize on the actions of a rogue employee who had no connection to his case in order to impugn an agency generally. Second, it is certainly relevant that an employee dismissed and prosecuted for falsifying test results and offering false testimony handled the evidence in this case. Third, although the government is correct that Herkey's conduct cannot properly be used under Rule 608(b) as evidence of Evers' character and conduct is correct, nothing in that rule precludes examination of the complete set of circumstances under which the drugs were tested, particularly where the two test results are different, as they are in this case (as to weight). Finally, this Court finds no basis under Rule 403 to conclude that the probative value of testimony concerning Herkey is substantially outweighed by the danger of unfair prejudice.

5.  This Court will therefore permit testimony and evidence concerning Herkey, assuming a proper foundation and basis of knowledge, with the warning that such evidence be limited to her role in this case, the general circumstances of her dismissal, and the fact that she entered a plea and was convicted. This Court will not permit the issues concerning Herkey to devolve into a trial-within-a-trial. The government's Motion in Limine is therefore denied. Defendant's request for sanctions relating to the government's allegedly late disclosure of the evidence concerning Herkey is likewise denied.

6.  In his Motion in Limine, Defendant seeks to bar the government from

introducing evidence — testimony and government Exhibit 11 — regarding the search warrant executed at 97 St. Joseph St. on January 5, 2009, particularly concerning information provided to the Buffalo City Court Judge Craig Hannah.  During oral argument on this motion, the government explained that it has no intention of directly exploring the circumstances surrounding the issuance of the search warrant or the information provided by the confidential informant.  The government will simply elicit that a search warrant was issued and move right to testimony concerning the execution of the warrant.  In addition, the validity of the search warrant has already been litigated through Defendant's unsuccessful Motion to Suppress and will not be revisited.  Accordingly, Defendant's Motion in Limine is denied.

      IT HEREBY IS ORDERED, that the government's Motion in Limine (Docket No. 112) is DENIED.

      FURTHER, that Defendant's Motion in Limine (Docket No. 115) is DENIED.

      SO ORDERED.


Dated:   August 12, 2011
        Buffalo, New York

                                    **/s/William M. Skretny**
                                      WILLIAM M. SKRETNY
                                          Chief Judge
                                    United States District Court